Ms. Helen Campbell Commissioner Office of Firemen's Pension Commissioner 3910 South IH 35, Suite 235 Austin, Texas 78704
Re: Authority of the City of Austin Fire Fighter's Relief and Retirement Fund to enter into "securities lending agreements" with a corporate borrower (RQ-1847)
Dear Ms. Campbell:
On behalf of the City of Austin Fire Fighters Relief and Retirement Fund you pose questions about the authority of the trustees of the fund to enter into "securities lending agreements." You advise:
 Securities lending contracts are usually made between a corporate securities dealer, as `borrower,' and a pension fund or other investor, as `lender,' and involve securities already owned by the lender. Under the lending agreement, the lender agrees to deliver and transfer the securities to the borrower (so as to register the securities in the borrower's name as owner), and at the same time the borrower delivers to the lender collateral securities of equal or greater value than the borrowed securities. During the period of the `loan,' these agreements provide that, as between the borrower and the lender, the lender remains the owner of the `borrowed securities' (and the borrower remains `owner' of the `collateral' securities) with the lender entitled to receive (from the borrower) the amount of dividends, interest, or earnings attributable to the `borrowed' securities, and the borrower is entitled to receive from the lender the dividends or earnings attributable to the `collateral' securities. However, it is expressly provided in the agreement that the borrower is to be invested with the indicia of complete title to the borrowed securities, and has the right to sell or transfer the borrowed securities to others, so as to have, as to all third parties, ownership of the securities. At the conclusion of the period of the lending agreement, the borrower is required to `return' the borrowed securities, or more precisely, to deliver to the lender the same amount and type of securities borrowed, but not necessarily the same certificates; and the lender is required to redeliver to the borrower the `collateral' securities.
Briefs received in support of the power of the fund to enter such agreements characterize them as similar to "repurchase agreements." The only difference, it is said, between a securities lending agreement and such a purchase/sale agreement is that in a securities lending agreement, title to the securities does not pass to the borrower and title to the collateral securities does not pass to the board.
Such transactions do not involve investments by the lender in the securities loaned or in the collateral received; rather, they constitute investments in the contractual obligations of the borrower (to deal with the loaned property in a particular way). See Attorney General Opinion JM-1201 (1990); JM-23 (1983).
Your first question reads:
 Are the trustees of the Fund authorized under subsection (g) of Section 10, or other law to enter into "securities lending agreements" with a corporate borrower? [of article 6243e.1, V.T.C.S.]
Section 10, subsection (g), provides:
 (g) When, in the opinion of the board of trustees, there is on hand in the fire fighter's relief and retirement fund of any city under this Act a surplus over and above a reasonable and safe amount to take care of the current demands on the fund, the surplus, or so much of it as in the judgment of the board is deemed safe, may be invested in:
(1) United States Treasury notes, bonds, and bills;
(2) United States government agency obligations;
 (3) corporate bonds rated `A' or better by Moody's or Standard and Poor's bond ratings;
(4) preferred corporate stocks;
 (5) commercial paper rated `P2' or better by Standard and Poor's and `A2' or better by Moody's bond ratings;
(6) state, county, or municipal bonds;
 (7) shares or share accounts of savings and loan associations, if the shares or share accounts are insured by the Federal Savings and Loan Insurance Corporation;
 (8) shares or share accounts of banks, if the shares or share accounts are insured by the Federal Deposit Insurance Corporation;
 (9) short-term investment funds, mutual funds, or their equivalent, which may include investments in bank certificates of deposit;
 (10) notes and other evidence of debt secured by mortgages insured or guaranteed by the Federal Housing Administration under the National Housing Act (12 U.S.C. § 1701 et seq.);
 (11) common stocks of companies incorporated within the United States that have paid cash dividends for at least five consecutive years immediately before the date of purchase, are rated `B' or better by Standard and Poor's bond ratings or are equivalent, and are listed on an exchange registered with the Securities and Exchange Commission; and
 (12) common stocks of foreign corporations that are designated in United States dollars and are registered with the Securities and Exchange Commission.
The legislature did not include "securities lending agreements" among the transactions the statute would sanction. See Attorney General Opinion MW-506 (1982) (firemen's relief fund may not be invested in local partnership under statute). See generally Tex. Const. art. XVI, § 67(a)(1), (a)(3) (investment policy for retirement systems and related programs).
In response to your first question, we advise that the trustees of the fund are not authorized by subsection (g) of section 10 of article 6243e.1, V.T.C.S., or any other law, to enter into "securities lending agreements" with a corporate borrower. In view of this answer, we do not reach your other questions.
 SUMMARY
The trustees of the City of Austin Fire Fighters Relief and Retirement Fund are not authorized to enter into "securities lending agreements" with a corporate borrower.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Rick Gilpin Assistant Attorney General